PEPPER v. PRICE et al.

(Supreme Court, Appellate Term. December 12, 1907.)

1. TROVER AND CONVERSION.

Taking and using a horse without consent of the owner, and refusing to give him up on demand, constitutes a conversion.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 47, Trover and Conversion, §§ 25–37.]

2. SAME—QUESTION FOR JURY.

Evidence, in an action for conversion of a horse, *held* sufficient to go to the jury on the question of conversion.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 47, Trover and Conversion, §§ 295–303.]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Leon Pepper against Michael Price and another. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and GUY and BRUCE, JJ.

Louis Lichtenberg, for appellant.

William Klingenstein, for respondents.

GUY, J. This is an appeal from a judgment dismissing plaintiff's complaint. The action is brought for damages for the conversion of a horse; answer, general denial; and the pleadings oral.

The evidence is as follows: One Isidor Pacher, a witness called on behalf of the plaintiff, testified that his employer, Joseph Ressler, directed him to get an expressman for the purpose of making a shipment. Being unable to find one, he proceeded to the place of Leon Pepper, the plaintiff in this action, who consented to loan his horse to the witness to take the goods down town to the expressman, whereupon Pacher took the horse and wagon belonging to the said plaintiff and proceeded to Ressler's place of business. Having deposited

the goods on the wagon, he proceeded down town to defendant's place of business. Arriving at the defendant's place of business he, Pacher, found the defendant, and informed the defendant that his employer had sent him with some goods. The defendant Price then informed the witness that the address on the box was wrong, and while witness had gone to a near-by drug store for the purpose of telephoning to his employer, the horse and wagon disappeared. It developed that the address upon the goods was correct. On returning, the witness inquired of defendant as to the whereabouts of the horse and wagon, and defendant answered: "Don't worry. He will be right away back. * * * You will get it back. Don't worry. I am good for the horse. I am in this neighborhood for 18 years." The witness then testified that the defendant said to another person, in witness' hearing, in Jewish, "How I fooled him." "He brought me an order, and I took the horse, and sent the horse to the ———," and after witness waited two hours defendant said to him: "Don't worry. I will pay you for the horse."

On the motion to dismiss the plaintiff was entitled to the most favorable construction of the evidence. There was sufficient evidence in the case to justify a finding by the jury that defendant Price converted the horse of the plaintiff. The plaintiff was entitled to the absolute dominion of his property, and the act of the defendant Price in taking possession of and in using the horse, without the consent of the owner, was an unlawful interference with the plaintiff's right, and refusing to give him upon demand constituted a conversion.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.